(24 Misc. Rep. 716.)

#### MULDERRIG v. BURKE et al.

(Supreme Court, Appellate Term. October 5, 1898.)

WRITTEN CONTRACT—PAROL CONTRADICTION.
Plaintiff cannot recover more than the price specified in a contract for work, on testimony that the agreement was for more, and that he could not read writing, and when he signed the paper he supposed it truly expressed the agreement; he being contradicted, and it not being shown that he was in any way induced to refrain from examining the paper, or that any other deceit of like character was practiced on him.

Appeal from municipal court, borough of Manhattan, Ninth district.

Action by Anthony Mulderrig against Luke A. Burke and another. From a judgment for plaintiff, defendants appeal. Reversed.

Cromwell G. Macy, for appellants.

Thomas O'Callaghan, Jr., for respondent.

BEEKMAN, P. J.   The memorandum in writing signed by both parties, which expressed the terms upon which the plaintiff undertook the masonwork he did for the defendants, states that the price to be paid was at the rate of 5 cents a foot.   The plaintiff claims that the agreement was for 5½ cents, that he could not read writing, and that when he signed the paper he supposed it truly expressed the arrangement which had been made for the larger sum.   He is flatly contradicted by the witnesses for the defendants with respect to his version of the agreement.   The alleged error in the written evidence of the contract being in dispute, and there being no proof tending to show that the plaintiff was in any way induced to refrain from examining the paper, or that any other deceit of like character had been practiced upon him, he must be held to the consequences of his own act, and be bound by the terms of the instrument which he admits that he signed.   Any other conclusion than this would render written evidence of an agreement of little value, and invite its impeachment by such testimony as has been given here whenever the interest of a party made it desirable to avoid it.   It follows that the judgment rendered by the trial justice in favor of the plaintiff must be reversed.

Judgment reversed, and a new trial ordered, with costs to the appellants to abide the event.   All concur.